```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

CALVIN DOUGLAS DYESS,

    Petitioner,

v.                                        Civil Action No: 2:12-03624
                                                 Criminal Action No: 2:99-00012-01

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's objections to Magistrate Judge Tinsley's Proposed Findings and Recommendation. (Doc. No. 1321). For the reasons stated herein, the court **OVERRULES** petitioner's objections.

On June 19, 2015, Magistrate Judge Tinsley filed his Proposed Findings and Recommendation ("PF&R"), (Doc. No. 1313), and recommended that the court dismiss petitioner's motion to vacate, set aside or correct a sentence as a successive § 2255 motion. In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. Petitioner moved the court for an extension of time to file objections to the PF&R. (Doc. No. 1316). The court granted this motion in part and allowed petitioner four additional weeks to file his

objections, extending the due date from July 9, 2015 to August 7, 2015. (Doc. No. 1317).

On August 18, 2015, the court adopted the findings and recommendations contained in Magistrate Judge Tinsley's PF&R as petitioner failed to file any objections in the prescribed period. (Doc. No. 1319). On August 25, 2015, the court received petitioner's objections to the PF&R. (Doc. No. 1321). While petitioner did not certify the date on which he gave these objections to prison officials for mailing, he did sign a certification stating that the objections "were served" on August 5, 2015, two days before the deadline for objections. (Doc. No. 1321 at 12). Accordingly, the court will consider these objections as having been timely filed pursuant to the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 270 (1988).

Having reviewed petitioner's objections, the court finds that they lack merit. Petitioner's arguments "do not direct the court to a specific error in the magistrate's proposed findings and recommendations," and as a result, de novo review is unnecessary. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Magistrate Judge Tinsley's PF&R recommended that the court dismiss petitioner's § 2255 petition because petitioner has not demonstrated that he received authorization to file a second or successive petition. (Doc. No. 1313 at 10).

2

Petitioner's objections do not relate to this conclusion nor do they address any issues related to a successive § 2255 petition.[1] Accordingly, the court overrules petitioner's objections.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly the court **DENIES** a certificate of appealability.

Consequently, the court **OVERRULES** petitioner's objections to the PF&R, (Doc. No. 1321), and **DIRECTS** the Clerk to remove this case from the court's docket.

---

[1] Indeed, petitioner's filing does not constitute objections to the PF&R, but instead appears to be a copy of his petition for a writ of certiorari filed in the Supreme Court of the United States by his counsel.  The Supreme Court denied petitioner's petition on October 6, 2014.  Dyess v. United States, 135 S.Ct. 47 (2014).

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to petitioner, pro se.

It is SO ORDERED this 28th day of August, 2015.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge